**Joseph W. DAVIS, et al., Plaintiffs-Appellants,**

**v.**

**STEWART TITLE GUARANTY COMPANY, Defendant-Respondent,**

**Joseph W. DAVIS, Plaintiff-Appellant,**

**v.**

**COVENANT BAPTIST CHURCH, Defendant-Respondent.**

**No. WD 36411.**

Missouri Court of Appeals, Western District.

July 30, 1985.

Jerome D. Riffel, Brian B. Myers, Campbell, Morgan & Gibson, P.C., Kansas City, for plaintiffs-appellants.

David L. Young, Sullivan & Young, P.C., Kansas City, for defendant-respondent.

Before MANFORD, P.J., and PRITCHARD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

In 1980 the plaintiff-appellant Davis bought real estate, in the 800 block of Harrison in Kansas City, next to the defendant-respondent Covenant Baptist Church. The church afterwards used part of the Davis property for parking and asserted it did so under "reservation of rights" in prior deeds.

In August, 1981 Davis sued the church in the associate division of the circuit court for unlawful detainer. His petition alleged the church had continued to park cars on part of this property pursuant to an easement that had been released in December, 1966. Judgment was for the church. The court sent a letter to the parties which contained language that the prior deeds showed, "reservations ... giving an easement to the church to use that portion of the lots for parking," and those reservations had never been removed. Davis took no appeal from the judgment.

In December, 1981 Davis filed suit in the circuit court against the Stewart Title Guaranty Company from which he had purchased a $75,000 title policy in conjunction with the real estate purchase. The suit was for failure to pay under the policy.

In March, 1982 suit was brought against the church to quiet title to the Davis property. It was brought by the title company for Davis. This suit and the one against the title company were consolidated. This appeal results from the trial court dismissing the quiet title suit against the church on the basis of collateral estoppel. The order and judgment of dismissal was based on the contention that an easement in favor of the church was litigated in the unlawful detainer trial.

■ At the heart of this matter is the question of whether the action for unlawful detainer before an associate judge resulted in a determination of the church's having an easement or interest in the land so as to preclude the present litigation. The collateral estoppel or claim preclusion issue must be decided against the backdrop of § 534.-210, RSMo 1978, which is contained in the chapter dealing with unlawful detainer actions. It says: "In actions of forcible entry and detainer, the title of the land cannot be inquired into." The unlawful detainer statutes constitute a special and preclusive and self-contained code. The "sole issue in any unlawful detainer action is the right to possession." *Mortgage Associates, Inc. v. Wiley,* 650 S.W.2d 13, 14 (Mo.App.1983).

Although Davis did not appeal from the unlawful detainer action, the very limited nature of the unlawful detainer action did not allow the court to do anything more than hold against Davis for possession. The portions of the letter to the parties was without statutory authority and gave no basis for the associate judge to determine or adjudicate whether the easements were valid or existed. The question of whether the letter constituted a part of the judgment need not be addressed. Jurisdiction to adjudicate possession in unlawful detainer with the statutory limitation, did not extend the jurisdiction of the court to render a particular judgment as to the legal effect or status of the easements. *Cf. In Re M_____,* 446 S.W.2d 508, 513 (Mo.App. 1969).

■ Issue preclusion results where the judgment in the prior case (the unlawful detainer action) operates as to the issues or questions actually litigated and determined. *American Polled Hereford v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982). There is no question here as to the other requirement, privity of the parties, as the parties are the same, but the exact issue as to the easements was not and could not have been determined in the unlawful detainer action. Collateral estoppel forecloses a party from litigating only those "exact issues unambiguously decided in the earlier case." *Owens v. Government Employees Insurance Company,* 643 S.W.2d 308, 310 (Mo.App.1982); and *Salsberry v. Archibald Plbg. & Heat. Co., Inc.,* 587 S.W.2d 907, 915 (Mo.App.1979).

Although it is hard to imagine on what basis the associate judge decided the detainer suit other than the existence of an easement, the matter has not been so specifically litigated for that suit to conclusively establish such easements under the statutory framework for the unlawful detainer action. The unlawful detainer court may inquire into the existence of leases and easements, for example, only in determining right to possession. In short, the unlawful detainer suit, under the strictly limited standard for collateral estoppel, cannot preclude the plaintiff's present suit to quiet title.

The order and judgment dismissing Davis' suit against the defendant to quiet title is reversed and the cause is remanded.

All concur.