Keith HOWARD, Appellee,

v.

C.O. II BARNETT, Appellant.

C.C.O. I Johnson; C.O. I Malone, Defendants.

No. 93–2147.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1993.

Decided April 22, 1994.

Stewart M. Freilich, Jefferson City, MO, argued, for appellant.

Bradley S. Russell, Kansas City, MO, argued, for appellee.

Before McMILLIAN, JOHN R. GIBSON,* and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Keith Howard, a Missouri prisoner, sued Terry Barnett, a Missouri corrections officer, claiming that Barnett violated the Cruel and Unusual Punishments Clause of the Eighth Amendment of the United States Constitution by using excessive force against him. The jury rendered a verdict in Howard's favor, and Barnett appeals. We reverse and remand for a new trial.

* The Honorable John R. Gibson took senior status on January 1, 1994.

## I.

The facts of this case were hotly contested at trial. For purposes of this appeal, we accept Howard's version of the events in question.

Upon Howard's return from an outside medical visit in March 1991, Corrections Officer Patrick Malone, in accordance with standard prison operating procedures, ordered Howard to submit to a strip search. Malone then escorted Howard to the rest room in the administrative segregation unit where Howard was being confined. Once there, Howard refused to submit to a strip search.

Malone then summoned assistance. Corrections Officer Charles Johnson responded, and he explained to Howard that Howard was required to submit to a strip search when so directed by a corrections officer. Howard still refused to submit. Barnett, the senior officer in charge of the administrative segregation unit, then was called to provide further assistance.

Barnett also ordered Howard to submit to a strip search, but Howard again refused. Barnett and at least one of the two other officers then rushed Howard and executed a "two-man takedown." As Howard was thrown to the floor, his head collided with a sink and then the floor. Howard ceased resisting after he was handcuffed, and the officers were able to strip search him.

As the parties left the rest room, Barnett was pulling down on Howard's hair and up on his handcuffs, and the two were arguing as they went. Barnett banged Howard's head against the wall outside Howard's cell two or three times. As Howard was taken into his cell, Barnett banged Howard's head against a steel support.

Howard then was left naked and spread-eagle in four-point restraints on his bed for approximately two hours, bleeding and bruised and having sustained knots on his head and a chipped tooth. Pursuant to prison regulations on the use of force, a prison nurse came by to examine Howard while he was restrained on the bed, but out of embarrassment he told her to leave immediately.

Howard later brought this 42 U.S.C. § 1983 lawsuit, which originally listed as defendants Malone, Johnson, and Barnett, as well as two directors of the prison system and the superintendent of Howard's prison. After the directors and the superintendent were dismissed from the lawsuit, Howard filed an amended complaint against Malone, Johnson, and Barnett, in which he sought compensatory and punitive damages on his federal claims for alleged due process and Eighth Amendment violations and on his state-law claims for assault and battery and negligence.

Howard's due process claims were dismissed and his negligence claims abandoned before trial, and at the close of Howard's evidence Malone and Johnson each were granted judgment as a matter of law on Howard's excessive force claims. The jury was instructed on Howard's claims against Barnett for excessive force, unjustified restraint, and assault and battery, and on Howard's claims against Malone and Johnson for unjustified restraint. The jury found in favor of Howard only on his Eighth Amendment excessive-force claim against Barnett and awarded Howard $1 in nominal damages and $750 in punitive damages. The District Court entered judgment on the jury verdict and granted Howard's request for attorney fees and expenses in the amount of $21,254.68.

Barnett raises several issues on appeal. He argues that (1) the jury's verdict was impermissibly inconsistent because the jury found for Barnett on Howard's state-law claim of assault and battery, but for Howard on the Eighth Amendment excessive-force claim; (2) the District Court abused its discretion by failing to instruct the jury that, to find for Howard on his Eighth Amendment claim against Barnett, it was required to find that Barnett acted "maliciously and sadistically"; (3) the District Court improperly submitted a nominal damages instruction to the jury; (4) the District Court erred by permitting the jury to rehear a witness's direct examination testimony; and (5) in light of Howard's limited success at trial, the District Court abused its discretion by awarding to Howard the full sum of attorney fees he requested.

## II.

### A.

We turn first to Barnett's argument that the District Court improperly failed to instruct the jury that, to conclude Barnett used excessive force, it had to find that he acted "maliciously and sadistically" for the very purpose of causing harm. The District Court instructed the jury that, if it believed Barnett committed the acts alleged by Howard, it should use the following standard to determine whether the force used by Barnett was excessive:

> In determining whether the force as [sic] excessive and constituted the unnecessary and wanton infliction of pain, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that were [sic] used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to achieve a legitimate purpose or *maliciously for the very purpose of causing harm.*

Trial Transcript Vol. III at 35 (emphasis added).

Barnett argues that the District Court committed reversible error by rejecting his proposed instruction, which would have required the jury to find that he acted maliciously *and sadistically* before it could find an Eighth Amendment violation. For support, he cites Eighth Circuit and Supreme Court cases that hold that excessive force violates the Eighth Amendment only where the prison official applies the force "maliciously and sadistically for the very purpose of causing harm," and he argues that "maliciously and sadistically" establishes a higher level of intent than does "maliciously" alone. Brief for Appellant at 17–18. We agree.

Howard acknowledges that the "maliciously and sadistically" language is found in many Eighth Circuit and Supreme Court cases. However, citing the *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit* Instruction 4.01 n. 8 (1993), he contends that the term "sadistically" is surplusage and not a required element of excessive-force analysis, and that its inclusion could confuse the jury by leading

the jury to believe that Barnett did not violate the Eighth Amendment unless he received sexual satisfaction by administering excessive force to Howard. We reject these arguments.

A district court has broad discretion when framing jury instructions, and we will reverse only if the instructions as a whole do not fairly and adequately state the applicable law. *Cummings v. Malone*, 995 F.2d 817, 822 (8th Cir.1993); *Sterkel v. Fruehauf Corp.*, 975 F.2d 528, 531 (8th Cir.1992).

The standard applicable when determining whether prison officials unnecessarily and wantonly have inflicted pain, and thus have violated the Eighth Amendment, varies with the type of violation alleged. *Hudson v. McMillian*, —— U.S. ——, ——, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992). When the alleged constitutional violation is that prison officials have used excessive force, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or *maliciously and sadistically* to cause harm." *Id.* at ——, 112 S.Ct. at 999 (emphasis added). Factors relevant to this determination include the threat the officials reasonably perceived, the need for the use of force, the efforts made to minimize the force used, the relationship between the need for using force and the amount of force used, and the degree of injury inflicted. *Id.; Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).

In *Cummings*, the district court had given the jury one instruction listing the elements of an Eighth Amendment excessive-force violation, and another that instructed the jury that one factor it was to consider when determining whether the force had been excessive was whether "the force was applied in [sic] good faith effort to achieve a legitimate purpose or maliciously for the very purpose of causing harm." 995 F.2d at 821 (quoting instruction). Our Court reversed the judgment entered on the jury's verdict in favor of the prisoner, holding that the jury instructions were inadequate because they did not *require* the jury to find that the prison officials had acted "maliciously and sadistically

for the very purpose of causing harm" before it could conclude that the Eighth Amendment had been violated. *Id.* at 822.

■ Howard attempts to distinguish *Cummings.* He argues that *Cummings* merely holds that the element of malicious conduct must be included in the same instruction as that listing the elements of the Eighth Amendment violation, and that *Cummings* does not require the inclusion of the word "sadistically." We disagree. We believe that *Cummings* stands for more, for in rejecting the excessive-force instruction, the Court repeatedly made clear that the appropriate standard was one that required the jury to find that the prison official had acted both "maliciously and sadistically for the very purpose of causing harm." *Id.* Moreover, we note that the instruction at issue here, like the instruction at issue in *Cummings,* was defective because it told the jury that the presence of malicious behavior was merely a factor for the jury to consider, rather than the jury's pivotal inquiry.

The distinction provided by the inclusion of the term "sadistically" is one of significance, for "maliciously" and "sadistically" have different meanings, and the two together establish a higher level of intent than would either alone. One acts "maliciously" by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts "sadistically" by engaging in extreme or excessive cruelty or by delighting in cruelty. Webster's Third New International Dictionary 1367, 1997–98 (unabridged 1981); Black's Law Dictionary 956, 958, 1336 (6th ed. 1990); The American Heritage Dictionary 759, 1084 (2d ed. 1982). Because the excessive-force instruction used in this case allowed the jury to find an Eighth Amendment violation based on a lower standard of culpability than that required by the Supreme Court in *Hudson* and by this Circuit in *Cummings,* the instruction adversely affected Barnett's substantial rights.

■ We reiterate: In all cases where a prisoner alleges an Eighth Amendment violation based on excessive force, the fact-finder may not conclude that the Eighth Amendment was violated unless it finds that the force was applied "maliciously and sadistical-

ly for the very purpose of causing harm"; conversely, if the force does not meet this standard, such as where it was applied "in a good faith effort to maintain or restore discipline," the fact-finder must conclude that the Eighth Amendment was not violated. *Cummings,* 995 F.2d at 822 (quoting *Whitley,* 475 U.S. at 320–21, 106 S.Ct. at 1085 (internal quotation marks and citation to quoted case omitted)). Because the jury was instructed improperly, and because we cannot conclude that the error was harmless, we must reverse the judgment entered on the jury verdict and remand this case for a new trial.

### B.

Our disposition of the appeal on the basis of the issue discussed in Part II.A, *supra,* makes any discussion of any of the other issues raised by Barnett unnecessary. We think it advisable, however, to discuss one of these issues.

The District Court instructed the jury that, "If you find in favor of plaintiff, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of $1.00." Trial Transcript Vol. III at 36–37.

Barnett argues that this instruction, too, was improper, reasoning that an award of nominal damages is inconsistent with a finding of excessive force. Where the injury is de minimis, Barnett reasons, the force also must have been de minimis, so an instruction that permits a jury to award damages based on a de minimis injury permits damages based on de minimis force. Barnett then correctly points out that de minimis force generally is not cognizable under the Eighth Amendment.

■ This argument need not detain us long. Although de minimis uses of physical force are not proscribed by the Eighth Amendment unless they are "repugnant to the conscience of mankind," whether the Eighth Amendment was violated turns on "whether force was applied ... maliciously and sadistically to cause harm," not on whether a serious injury resulted from that force. *Hudson,* ─── U.S. ───, ───, 112

S.Ct. at 999, 1000 (internal quotation marks and citations to quoted cases omitted). Simply put, force that is excessive within the meaning of the Eighth Amendment is compensable if it causes the prisoner actual injury, even if the injury is not of great significance.

If, after a new trial, a properly instructed jury finds that Barnett used excessive force in violation of the Eighth Amendment, then the jury must award nominal damages if it also finds that Howard's injuries have no monetary value or are insufficient to justify with reasonable certainty a more substantial measure of damages. *See Cowans v. Wyrick,* 862 F.2d 697, 700 (8th Cir.1988). Barnett's attack on the District Court's nominal damages instruction must fail.

### III.

For the reasons stated above, we reverse the judgment of the District Court, vacate the award of attorney fees, and remand this case for a new trial.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. In my opinion, the addition of the words "and sadistically" to the portion of the instructions cited on page 4 of the majority opinion would not have made a material difference. The district court stated the essential elements of plaintiff's excessive force claim against Barnett as follows:

Your verdict must by for plaintiff and against Defendant Terry Barnett on plaintiff's claim of excessive force, if all of the following elements have been proved by a preponderance of the evidence:

First, that ... Defendant Barnett struck plaintiff, pulled out a substantial amount of plaintiff's hair or shoved plaintiff's face into solid objects; and,

Second, the use of such force, under the circumstances, was excessive and constituted the unnecessary wanton and malicious infliction of pain upon plaintiff; and

Third, as a direct result, plaintiff was injured.

In determining whether the force [w]as excessive and constituted the unnecessary and wanton infliction of pain, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that were [sic] used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to achieve a legitimate purpose or maliciously for the very purpose of causing harm.

If any of the above elements have not proved [sic] by the preponderance of the evidence, then your verdict must be for the defendant.

Trial Transcript Vol. III at 34–35.

When a person uses force in a manner that satisfies all of the elements listed above, particularly when the force is "excessive" under the circumstances and "constitute[s] the unnecessary wanton and malicious infliction of pain," I believe, by definition, it is applied "sadistically." In fact, the majority opinion states "one acts 'sadistically' by engaging in ... 'excessive cruelty'...." Maj. op. at 872. Therefore, to add the two words "and sadistically" as required by the majority would have been mere surplusage. Moreover, *Cummings* is distinguishable from the present case because, there, *neither* the word "sadistic" *nor* "malicious" was used in the district court's statement of the essential elements of the plaintiff's excessive force claim. 995 F.2d at 821. Thus, by contrast to the present case, the elements stated by the district court in *Cummings* merely set forth a deliberate indifference claim. *Id.* at 822. Here, the essential elements stated by the district court did require a finding of "malicious" infliction of pain. Accordingly, I would affirm.