45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jerry McCRARY, Mr., also known as Jerry McCrary El, Appellant,
v.
Paul K. DELO, Supt. P.C.C.; Outside Receptionist, P.C.C.;
Unknown Brewester, C.O., P.C.C.; Thelma Branston;
Ray Pogue; Linda Wilkson, Appellees.
 No. 93-3800.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 16, 1994.
Filed: Dec. 21, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Jerry McCrary brought a 42 U.S.C. Sec. 1983 action against Potosi Correctional Center officials. He claimed that while he was assigned to administrative segregation, his Eighth and Fourteenth Amendment rights were violated when his hands were cuffed behind his back before he made his monthly phone call, he was placed on a "brown bag" diet without medical approval while he was on medication, he was denied recreation for thirty days as punishment for a conduct violation, he was denied family photographs that had been mailed to him, he was denied certain visitation privileges, and he was not allowed to transfer funds from his inmate account to the account of another inmate. The district court[1] granted summary judgment to defendants. McCrary appeals. We affirm.
 
 
 2
 We conclude McCrary has not established an Eighth Amendment violation. He did not show that the use of handcuffs constituted excessive force, see Howard v. Barnett, 21 F.3d 868, 871 (8th Cir. 1994); Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993), or denied him access to the courts, see Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Serving McCrary cold food for three days was not cruel and unusual punishment, see Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992), and he did not show defendants were deliberately indifferent to his serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Nor did McCrary show that the thirty-day denial of recreation was a sufficiently serious deprivation of his exercise needs, see Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992), or that the alleged deprivations regarding photographs and visitation implicated the Eighth Amendment, see Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (prison's denial of "minimal civilized measure of life's necessities" is serious deprivation).
 
 
 3
 We conclude that McCrary has also failed to establish a Fourteenth Amendment violation. Prison regulations create a liberty or property interest only when they substantively limit the exercise of official discretion and contain explicit mandatory language directing particular outcomes. Williams v. Nix, 1 F.3d 712, 717-18 (8th Cir. 1993). Restrictive prison policies are valid if reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). The prison policies regarding visitation and personal property for administrative-segregation inmates are discretionary. See Missouri Department of Corrections Policy and Procedure Manual, No. IS21-1.2, III (eff. Dec. 1, 1990). Mail privileges for such inmates may be restricted, see Gregory v. Auger, 768 F.2d 287, 290 (8th Cir.), cert. denied, 474 U.S. 1035 (1985), as may both visitation privileges, cf. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) (permissible to deny prisoner access to particular visitor), and inmate account privileges, see Foster v. Hughes, 979 F.2d 130, 132-33 (8th Cir. 1992).
 
 
 4
 We do not consider McCrary's other claims raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri