_____

No. 95-3247
_____

Jerry McCrary,                     *
                                   *
          Appellant,               *   Appeal from the United States
                                   *   District Court for the
     v.                            *   Western District of Missouri.
                                   *
Timothy Brizendine; J.O. Enloe;    *          [UNPUBLISHED]
Ronnie Howerton; Richard Watson,   *
                                   *
          Appellees.               *


_____

          Submitted:  September 26, 1996

              Filed:  October 7, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Jerry McCrary, a Missouri inmate, appeals from the district court's[1]
grant of summary judgment to defendants in his 42 U.S.C. § 1983 action.
McCrary alleged defendants violated his constitutional rights by
handcuffing him too tightly, by finding him guilty of an unfounded conduct
violation, by depriving him of legal materials while in segregation, and
by placing him in a segregation cell that was too hot.  We affirm.

     This court reviews the grant of summary judgment de novo.  See
Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam)
(standard of review).  McCrary failed to demonstrate

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the report and
recommendation of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

defendants applied the handcuffs maliciously or sadistically for the purpose of causing harm, and it was not unreasonable for defendants to handcuff McCrary for the purposes of transporting him to segregation after he created a disturbance in the recreation yard. See Howard v. Barnett, 21 F.3d 868, 871-72 (8th Cir. 1994) (where inmate alleges excessive force, no violation unless force applied maliciously and sadistically to cause harm; force applied in good-faith effort to maintain or restore discipline does not violate Eighth Amendment). As to McCrary's claim he was punished for an unfounded conduct violation, nothing in the record suggests McCrary's seven-day stay in disciplinary segregation--as punishment for the conduct violation--constituted an atypical, significant deprivation giving rise to a liberty interest. See Wycoff v. Nichols, No. 95-1117, slip op. at 3, 6-7 (8th Cir. Sept. 5, 1996) (quoting Sandin v. Conner, 115 S. Ct. 2293, 2300-01 (1995)). Even if McCrary had a cognizable due process claim, the reporting officer's statement that he observed McCrary engaging in the charged conduct provides some evidence sufficient to find McCrary guilty of creating a disturbance. See Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir.), cert. denied, 510 U.S. 997 (1993).

Finally, McCrary failed to demonstrate how defendants' withholding of his legal materials while he was in segregation prejudiced his access to the courts, see Berdella v. Delo, 972 F.2d 204, 210 (8th Cir. 1992), and failed to provide sufficient evidence that the temperature inside his cell constituted a substantial risk of harm of which defendants were aware, see Farmer v. Brennan, 114 S. Ct. 1970, 1981-82 (1994).

We deny McCrary's motion for appointment of counsel on appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.