_____

No. 96-1150

_____

Harold L. Fife, et al,                      *
                                            *
     Plaintiffs-Appellees,                  *
                                            *   Appeal from the United States
     v.                                     *   District Court for the
                                            *   Eastern District of Missouri
Freeman Bosley, et al,                      *
                                            *
     Defendants-Appellants.                 *

_____

                 Submitted:  September 9, 1996

                     Filed:  November 8, 1996
_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.
_____


LOKEN, Circuit Judge.


     In this action, Airfield Operations Specialists at Lambert-St. Louis
International Airport (the "Specialists") seek damages from the City of St.
Louis and City officials (collectively, the "City") for overtime violations
of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207(a)(1) & 216(b).
The City claims that the Specialists are exempt "executive, administrative,
or professional" employees. See 29 U.S.C. § 213(a)(1). The district court
granted summary judgment for the Specialists on the ground that the City
is collaterally estopped to assert these FLSA defenses by a January 1994
decision of the Missouri State Board of Mediation, which held that the
Specialists are non-managerial employees for collective bargaining
purposes. The City appeals. We reverse.


     When a state administrative agency has acted in a judicial capacity
concerning a matter properly before it, and has provided

the parties an adequate opportunity to litigate, "federal courts must give the agency's factfinding the same preclusive effect [in subsequent litigation] to which it would be entitled in the State's courts." University of Tenn. v. Elliott, 478 U.S. 788, 799 (1986); see Alexander v. Pathfinder, 91 F.3d 59, 62-63 (8th Cir. 1996). Missouri courts give collateral estoppel effect to the final decisions of state agencies, so long as the general criteria for applying collateral estoppel are satisfied. See Bresnahan v. May Dept. Stores Co., 726 S.W.2d 327, 329-30 (Mo. banc 1987). "Collateral estoppel forecloses a party from litigating only those exact issues unambiguously decided in the earlier case." Davis v. Stewart Title Guar. Co., 695 S.W.2d 164, 165 (Mo. App. 1985) (quotation omitted).

In the administrative decision in question, the Mediation Board determined, over the City's objection, that the Specialists should be added to a collective bargaining unit of airport employees. Under Missouri law, the Board is authorized to decide contested cases regarding the "appropriateness of bargaining units" of public employees, subject to judicial review that the City did not seek. See Mo. Rev. Stat. § 105.525. The City argued that the Specialists are supervisory or managerial employees and thus ineligible to join the bargaining unit. In rejecting the City's position, the Board considered non-statutory factors such as whether the Specialists have "the authority to direct and assign the work force, including a consideration of the amount of independent judgment and discretion exercised in such matters."

The ultimate issue decided by the Mediation Board -- whether the Specialists are eligible to join a union -- is different than the ultimate issue in this case -- whether they are exempt employees under FLSA. However, the Mediation Board's decision included subsidiary findings that the Specialists "do not supervise anyone," that they "have not disciplined or fired anyone," that they exercise little if any independent judgment and discretionary

-2-

power, and that they are paid under an hourly pay schedule.  The district court concluded that these findings preclude the City from establishing that the Specialists are exempt employees under the governing FLSA regulations.  We disagree.

Under the FLSA, to determine whether an employee is an exempt "executive, administrative, or professional" employee, a court must apply Department of Labor regulations that have been judicially construed in over fifty years of litigation.  See, e.g., Murray v. Stuckey's, Inc., 50 F.3d 564 (8th Cir.), cert. denied, 116 S. Ct. 174 (1995), and cases cited.  The Department's regulations and accompanying Interpretations fill more than fifty pages in the Code of Federal Regulations.  See 29 C.F.R. Part 541. The exemptions require consideration of factors such as whether the employee "customarily and regularly exercises discretion and independent judgment," performs "work directly related to management policies or general business operations," and "is compensated . . . on a salary or fee basis."  29 C.F.R. § 541.2 (defining the administrative exemption).  These are terms of art, that is, they must be interpreted and applied in the context of the statute, the regulations as a whole, and fifty years of judicial FLSA precedent.

It is not appropriate to use general findings from an agency decision under a different regulatory regime to foreclose pointed inquiry into the FLSA exemption questions here at issue.  This is not a case like Elliott, where both state and federal law prohibited precisely the same conduct, racial discrimination.  Though the Board made some subsidiary findings using language similar to that in the FLSA regulations, its focus was a different issue.  The Specialists present no evidence, such as legislative history or agency policy pronouncement, that the intent of this Missouri law is to base eligibility for union membership on whether the employee qualifies for FLSA overtime pay.  Indeed, we are confident that state law does not look to the FSLA in determining eligibility for public employee union membership.

-3-

Collateral estoppel is not appropriate when the same facts were analyzed under similar but significantly different criteria in the earlier adjudication. See United States v. Gurley, 43 F.3d 1188, 1198 (8th Cir. 1994) (collateral estoppel inappropriate because "a substance that is included in [the Clean Water Act's] definition of oil is not necessarily exempted from CERCLA's definition of petroleum"), cert. denied, 116 S. Ct. 73 (1995); Kelley v. TYK Refractories Co., 860 F.2d 1188, 1194-95 (3d Cir. 1988) (unfavorable unemployment compensation decision does not collaterally estop federal civil rights action); Plaine v. McCabe, 797 F.2d 713, 721-22 (9th Cir. 1986) (agency decision that merger was fair does not collaterally estop securities law damage action); cf. Michael v. Kowalski, 813 S.W.2d 6, 10 (Mo. App. 1991).

The judgment of the district court is reversed and the case is remanded for independent determination of the FLSA issues presented. We express no view as to whether the Specialists are exempt employees under FLSA. The district court's post-judgment award of costs and attorney's fees is vacated. The Specialists' motion to supplement the record on appeal is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-