# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1928
_____

| | | |
|---|---|---|
| Walter Curtis Moles, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| R. Berry, Sgt. Pulaski County Detention | * | Eastern District of Arkansas. |
| Facility; Randy Johnson, Sheriff, | * | |
| Pulaski County Detention Facility, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: March 30, 2004

Filed: May 10, 2004
_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Walter Curtis Moles, a federal inmate formerly incarcerated in the Pulaski County Regional Detention Facility (PCRDF), appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action following a bench trial. Moles alleged that defendant

_____

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Rhenda Berry, a PCRDF correctional officer, used excessive force against him in an incident that occurred on October 15, 2000, after Moles refused to remove a sheet that he had tied to his bed. Moles challenges the district court's denial of his request for a jury trial and appointed counsel, the court's bench-trial findings, and the court's handling of his requests regarding witnesses. We affirm.

We conclude that the district court did not err in finding against Moles on his excessive-force claim. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Parkus v. Delo, 135 F.3d 1232, 1234 (8th Cir.), cert. denied, 525 U.S. 863 (1998). The court was presented with testimony that Moles refused a correctional officer's request to remove the sheet, was argumentative and combative and used foul language, jumped up from a seated position and struck Berry before she used any force; that in response to Moles striking her, Berry struck him twice, not with full force, and with another officer grabbed Moles and struggled; and that Moles's injuries from Berry's force were minor. See Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000) (factors to consider include need for force, relationship between need for force and amount of force applied, and injury to inmate); Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997) (finding of fact overturned only if not supported by substantial evidence, if based on erroneous view of law, or if reviewing court is left with "definite and firm conviction" that error was made); United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994) (district court's determination as to credibility of witness is virtually unreviewable on appeal). We also find that the district court did not err in dismissing Moles's claim that he was denied due process in his disciplinary hearing, because he did not show that his resulting loss of privileges constituted an "atypical and significant hardship . . . in relation to ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 484 (1995).

As to witnesses, the district court did not abuse its discretion in requiring Moles to call first those witnesses who were present in the courtroom. See Life Plus Int'l v. Brown, 317 F.3d 799, 803 (8th Cir. 2003) (standard of review). In addition,

while we believe that, in the circumstances presented to it, the district court would have been better advised to have issued a subpoena for Nurse Neal Cookman's testimony, we find the failure to do so to be harmless error. Nurse Cookman did not observe the tussle in the cell, and Moles admits he refused the medical ointment offered him by the nurse to treat the alleged pepper spray-caused injury to his crotch. We find that Moles has not shown prejudice from his inability to call Nurse Cookman as a witness.

Finally, we find that the district court did not abuse its discretion in declining to appoint counsel for Moles, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), or in denying his untimely motion for a jury trial, see Fed. R. Civ. P. 38(b); Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985) (district court's refusal to excuse pro se litigant's waiver under Rule 38 is reviewed for abuse of discretion).

Accordingly, we affirm the dismissal of the action. We also deny Moles's motion to expand the record, and we grant Randy Johnson's motion to be dismissed as a party.

_____