Michael J. **WINGER**, Plaintiff–Appellee,

v.

Susan M. **WINGER**, Defendant–Appellant.

No. 95–3076.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 6, 1996.

Decided April 15, 1996.

Richard L. Bolton (argued), James R. Cole, Sandra L. Tarver, Quarles & Brady, Madison, WI, for Plaintiff-Appellee.

Stephen Morgan (argued), Jane F. Zimmerman, Murphy & Desmond, Madison, WI, for Defendant-Appellant.

Before ESCHBACH, KANNE and EVANS, Circuit Judges.

ESCHBACH, Circuit Judge.

This case is a prime example of the reason for the oft-repeated but seldom heeded aphorism: Never do business with your family. Plaintiff–Appellee Michael Winger ("Plaintiff") filed a suit against his sister, Defen-

dant–Appellant Susan Winger ("Defendant"), in Oneida County, Wisconsin Circuit Court, seeking to enforce an oral agreement affecting an interest in real estate. Defendant removed the case to the U.S. District Court for the Western District of Wisconsin, on the basis of diversity jurisdiction, where the parties tried the case before a jury. The jury returned a verdict in favor of Plaintiff on a cause of action for intentional misrepresentation and awarded the Plaintiff $46,877 in damages. The district court entered judgment consistent with the jury's verdict and denied Defendant's motions for judgment as a matter of law or, in the alternative, for a new trial. Defendant appeals from the district court's denial of these motions. Defendant filed a timely notice of appeal and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I.

At the times relevant to this action, Plaintiff was self-employed in the construction industry. Plaintiff's enterprise, M & R Ventures ("M & R"), began construction of a residence at 9732 Milky Way Road in Minocqua, Wisconsin (the "Milky Way property"). Plaintiff requested that Defendant accept employment at one of Plaintiff's other enterprises, Advanced Concrete Pumping, Inc. ("ACP"). Defendant accepted the job, and moved to the Minocqua, Wisconsin area to begin work. Defendant also decided to purchase the Milky Way property, which was jointly owned by Plaintiff and Plaintiff's partner (and brother) Rick Winger.

At trial, the two parties agreed that there had been an agreement for the purchase of the Milky Way property, but they disagreed about the substance of that agreement. Plaintiff testified that the total agreement was for $110,000, plus certain extra costs associated with completing construction of the house. Plaintiff's brothers, Rick and John Winger, also testified that the deal was for $110,000, plus certain extras. Defendant's realtor and Plaintiff's accountant both testified that Defendant acknowledged that the price for the Milky Way property was $110,000 at a meeting in March or April, 1994.

Defendant disputed the $110,000 figure and contended that the agreement was for $54,900. Defendant sought to support her position by relying on the documents evidencing the purchase of the Milky Way property. In particular, Defendant relied on a $70,000 purchase figure contained in the documents executed at closing (hereinafter referred to as the "Amendment to Offer to Purchase"). Defendant contended that this figure covered the entire transaction—a $54,900 purchase price plus $15,100 for Defendant to loan to ACP.

Plaintiff responded that the $70,000 purchase figure contained in the "Amendment to Offer to Purchase" represented only a portion of the entire agreement, none of which included a loan from Defendant to ACP. Plaintiff agreed to defer some of the purchase price until a later date when the property would be sold to a third party because Defendant did not have the financial means to obtain a mortgage for the entire $110,000 purchase price. Defendant and Plaintiff executed the offer to purchase and a warranty deed at the time of closing out of necessity as dictated by commercial lending practices. In fact, Defendant obtained the Milky Way Property with partial bank financing and no down payment. The bank that provided the financing appraised the house in an unfinished condition at $120,000.

Although the house was still under construction at the time of the closing on May 10, 1994, the parties did not incorporate the construction specifications into the offer. Plaintiff, nevertheless, continued to work on the house after closing. Plaintiff made changes to the specifications at the behest of Defendant and charged Defendant $6,877 for labor and materials. In late May and early June 1994, Plaintiff and Defendant had a falling out. Defendant terminated her employment at ACP, left Minocqua, and listed the house for sale. On July 27, 1994, Plaintiff filed suit, seeking to enforce an alleged oral contract with his sister for sale of the Milky Way Property at $110,000. The Milky Way property was subsequently sold by Defendant for $126,000 and the net proceeds from Defendant's sale of $46,273.96 were deposited into escrow pending resolution of the

lawsuit. Defendant alleged as an affirmative defense that Plaintiff's claim violates the statute of frauds as set forth in Wis. Stat. §§ 706.01, 706.02(1). Prior to trial, Defendant also moved in limine to exclude evidence of an oral agreement as parol evidence.

The district court decided as a matter of law that no written document embodied the agreement that Defendant thought that she had made or that Plaintiff thought that he had made for the Milky Way Property. Based on the evidence presented at trial and the jury instructions offered by the parties, the district court instructed the jury on both a breach of contract cause of action and an intentional misrepresentation cause of action.

The jury found that Defendant agreed, by oral agreement, to pay at least $110,000 for the Milky Way property, that she intentionally misrepresented that she would pay at least $110,000 for the property, and that Plaintiff reasonably relied on those misrepresentations to his detriment. The price was to cover the purchase of the property and completion of construction of the house. The finding was supported by the evidence and testimony presented at trial. The jury awarded $46,877 as damages for the intentional misrepresentation claim but the court did not ask the jury to determine the amount of damages for the breach of contract claim. After the jury returned its verdict, Defendant moved the district court for judgment as a matter of law or, in the alternative, for a new trial. The district court denied both motions.

## II.

Defendant appeals the district court's denial of her motion for judgment as a matter of law and her motion for a new trial. We review *de novo* a district court's denial of a motion for judgment as a matter of law under Fed.R.Civ.P. 50(b), applying the same standard that the district court applied. *Sokol Crystal Products v. DSC Communications,* 15 F.3d 1427, 1432 (7th Cir.1994). The district court applies the state law standard in deciding the motion. Under Wisconsin law, a motion for judgment notwithstanding the verdict pursuant to Wis.Stat. § 805.14, admits for the purposes of the motion that

the findings are true, but asserts that judgment should be granted the moving party on grounds other than those decided by the jury. *Kolpin v. Pioneer Power & Light,* 162 Wis.2d 1, 28, 469 N.W.2d 595, 606 (1991). Therefore, we consider all credible evidence and reasonable inferences in the light most favorable to the non-moving party.

In reviewing a motion for a new trial under Fed.R.Civ.P. 59(a), the district court must determine whether "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 516 (7th Cir.1993). We review the district court's denial of a motion for new trial for abuse of discretion. *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1407 (7th Cir.1991).

## III.

Defendant makes three arguments in support of her theory that the district court erred in denying her motion for judgment as a matter of law and her motion for a new trial. She argues that the court erred by allowing the jury to decide an intentional misrepresentation claim because Plaintiff did not plead such a claim. Second, she argues that the statute of frauds should have been applied to bar Plaintiff's claim. Third, she argues that the court erred in admitting parol evidence to support an oral contract in conflict with a valid written contract. We address each of these arguments separately.

## A.

Defendant takes the position that the Plaintiff's cause of action for intentional misrepresentation should not have been submitted to the jury because Plaintiff did not plead such a cause of action and Plaintiff did not move the court to amend his pleadings to include such a cause of action. In other words, Defendant believes that this was a case of "trial by ambush." In support of her position, Defendant notes that Rule 9(b) of the Federal Rules of Civil Procedure requires a party to plead fraud with particulari-

ty. Fed.R.Civ.P. 9(b); cf. Wis.Stat. § 802.03(2).

The flaw in Defendant's position is that she did not object to the proposed jury instructions or the admission of evidence of intentional misrepresentation on the grounds that it was outside the issues of the pleadings. As the district court noted, "Defendant never made any objection to allowing plaintiff's tort claims to go to the jury." In fact, Defendant, by her own admission, was put on notice of the claim for intentional misrepresentation approximately two weeks prior to trial when Plaintiff submitted his proposed jury instructions. Included among those instructions were instructions on intentional misrepresentation. Defendant also participated, at the conclusion of the presentation of evidence, in a jury instruction conference during which Defendant made no objection (other than objections as to the *sufficiency* of the evidence) as to either the jury instructions on intentional misrepresentation or to special verdict questions relating to the elements of intentional misrepresentation.

■ In circumstances such as these, we appropriately recognize that "the Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence." *Duckworth v. Franzen,* 780 F.2d 645, 649 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Rule 15(b) of the Federal Rules of Civil Procedure states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Fed.R.Civ.P. 15(b); cf. Wis.Stat. § 802.09(2). Defendant's failure to object to the jury instructions and the evidence of intentional misrepresentation demonstrates that the issue was tried by implied consent. *See In re Prescott,* 805 F.2d 719, 724–25 (7th

Cir.1986). The language of Rule 15(b), therefore, *requires* that we treat the issue as if it had been pleaded. *S.E.C. v. Rapp,* 304 F.2d 786, 790 (2d Cir.1962); *see also E.E.O.C. v. General Electric Co.,* 532 F.2d 359, 366–67 & n. 16 (4th Cir.1976) (collecting cases). Furthermore, we must treat the issue as if it had been pleaded even though the district court never made a formal amendment of the pleadings. "Indeed, formal amendment is needed only when evidence is objected to at trial as not within the scope of the pleadings." *Rapp,* 304 F.2d at 790; see also *Consolidated Data Terminals v. Applied Digital Data Sys.,* 708 F.2d 385, 396 (9th Cir.1983) (even if pleadings not formally amended, judgment stands if issue tried by express or implied consent). In the instant case, a formal amendment was not necessary because Defendant did not object to the evidence at trial on the grounds that it was outside the issues of the pleadings.

In the light of Defendant's implied consent to the trial of the issue, Plaintiff need not plead "intentional misrepresentation" or even each element of intentional misrepresentation. It is enough that the evidence was sufficient to establish each element of a claim for intentional misrepresentation. Fed. R.Civ.P. 15(b); *Winant v. Bostic,* 5 F.3d 767, 773–74 (4th Cir.1993). Defendant herself concedes that the evidence established each element of intentional misrepresentation.

### B.

The heart and soul of Defendant's case is her theory that the statute of frauds required the district court to enforce only the "Amendment to Offer to Purchase." Defendant contends that evidence of a broader, oral agreement would violate the statute of frauds. Defendant objected before, during, and after the trial to the admission of any evidence that would have expanded the scope of the agreement. The district court denied Defendant's motions, stating in its post-trial order:

> Defendant continues to argue that the statute of frauds should have been applied to bar plaintiff's contract claim. The issue was discussed thoroughly during the trial.

I see no purpose to be served in reiterating the arguments or the reason for the ruling other than to state that the evidence showed that the so-called contract did not constitute an integrated contract.

Essentially, Defendant sees this as a contract case and she tries to cast the issue in such terms. To some extent, Defendant has succeeded in causing Plaintiff and the district court to address this as a "contract" case, as evidenced by the district court's statement that the statute of frauds did not "bar plaintiff's contract claim." We sympathize with the district court's refusal to countenance Defendant's request to have her proverbial cake and eat it too: Defendant both sought to enforce the agreement for purchase and sale of the Milky Way Property and sought to expand the agreement to include her "loan" to ACP based on evidence outside the "Amendment to Offer to Purchase"; Defendant, however, sought to limit the agreement to the $70,000 amount when Plaintiff brought in evidence outside the "Amendment to Offer to Purchase." Nevertheless, we do not address the issue in the terms that Defendant put it to the district court: Whether a written agreement for the sale of real property that satisfies the statute of frauds bars evidence of a broader oral agreement. We rest our decision on different grounds. *Roland v. Langlois,* 945 F.2d 956, 962 n. 11 (7th Cir. 1991).

As our discussion in the previous section indicates, this case is a tort case. The evidence presented and the jury's decision established the tort of intentional misrepresentation. Defendant does not challenge the sufficiency of the evidence in that regard. Therefore, the only issue we must address is whether the Wisconsin statute of frauds bars Plaintiff's *intentional misrepresentation* claim. It does not.

Initially, we note that Defendant cites no authority for the proposition that the statute of frauds bars a claim for intentional misrepresentation. *Varhol v. National Railroad Passenger Corp.,* 909 F.2d 1557, 1566 (7th Cir.1990) (claim is waived on appeal when it is not supported by citation to relevant authorities). Because the district court may

have looked at this as a contract case, however, we address the issue.

■ Wisconsin, like many states, has adopted a statute of frauds which requires that certain real estate transactions comply with certain formal requirements to be enforceable. Wis.Stat. §§ 706.01, 706.02(1). Most importantly for this case, real estate transactions must be in writing. *Id.* § 706.02(1). Oral contracts for the transfer of an interest in real estate are void unless there is a memorandum that conforms to the statute of frauds. *Trimble v. Wisconsin Builders, Inc.,* 72 Wis.2d 435, 441, 241 N.W.2d 409, 413 (Wis.1976). Defendant perverts the reason for the statute of frauds and urges us to extend its application to this case to absolve Defendant from liability for her actions. We refuse to do so.

■ The statute of frauds was intended to prevent fraud and perjury. *U.S. Oil Co., Inc. v. Midwest Auto Care Services, Inc.,* 150 Wis.2d 80, 440 N.W.2d 825, 828 (Wis.App. 1989). In this regard, the statute of frauds is a shield that protects the unwary from the traps of the sophisticated in certain transactions that Wisconsin finds are susceptible to fraud. The law requires that such transactions be reduced to writing to prevent fraud. Defendant, however, seeks to turn the statute of frauds into a shield that assists the party who raises it in perpetrating a fraud and protects that party from liability for the fraud. Defendant relies on the statute of frauds as a technical escape from liability for the intentional misrepresentation that the jury found that she had committed. The law does not tolerate this abuse.

The Restatement Second of the Law of Torts supports our position that the statute of frauds does not bar a *tort* claim for intentional misrepresentation. Comment (c) to § 530 states in part:

> Since a promise necessarily carries with it the implied assertion of an intention to perform it follows that a promise made without such an intention is fraudulent and actionable in deceit.... This is true whether or not the promise is enforceable as a contract. If it is enforceable, the person misled by the representation has a

cause of action in tort as an alternative at least, and perhaps in some instances in addition to his cause of action on the contract. If the agreement is not enforceable as a contract, as when it is without consideration, the recipient still has, as his only remedy, the action in deceit.... The same is true when the agreement is oral and made unenforceable by the statute of frauds, or when it is unprovable and so unenforceable under the parol evidence rule.

Restatement (Second) of Torts § 530 cmt. c (1977). Several courts that have faced this issue have adopted the position taken by the Restatement. *See, e.g. Hiller v. Manufacturers Product Research Group*, 59 F.3d 1514, 1537 (5th Cir.1995) (statute of frauds does not bar recovery on claim of fraud or misrepresentation which sounds in tort); *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 28–31, 216 Cal.Rptr. 130, 135–37, 702 P.2d 212, 218–19 (Cal.1985). The only Wisconsin decision that addresses this issue supports our position, but it is an unpublished decision so we do not rely on it. Nevertheless, our holding is consistent with the purpose of Wisconsin's statute of frauds and with previous Wisconsin decisions. *See Whiting v. Gould*, 2 Wis. 552, 594 (1853) (stating that the court will not give effect to a defense based on the statute of frauds if the statute is sought to be made a cover for fraud); *U.S. Oil*, 440 N.W.2d at 828–29 (stating that conclusion that statute of frauds cannot be used to bar a claim for promissory estoppel does not frustrate the purpose of the statute of frauds or make it a nullity because plaintiff still must prove elements of promissory estoppel).

### C.

Defendant's last contention is that the parol evidence rule prohibits reliance on oral representations to contradict the terms of the "Amendment to Offer to Purchase." This theory suffers from the same flaw as the preceding argument. It also suffers the same fate.

Defendant misconstrues the parol evidence rule. The parol evidence rule renders evidence of misrepresentation inad-

missible to contradict the written terms of an unambiguous agreement. *State v. Conway*, 26 Wis.2d 410, 417, 132 N.W.2d 539, 543 (1965). In this case, however, the "Amendment to Offer to Purchase" is not in dispute, and Plaintiff does not attempt to contradict it. Plaintiff, instead, brings a *tort* claim for intentional misrepresentation that is independent of a cause of action for breach of contract. The parol evidence rule does not apply to the instant dispute. In essence, the "Amendment to Offer to Purchase" simply memorialized a portion of the overall transaction agreed to by Plaintiff and Defendant. As the jury found, this agreement included completion of the construction on the property, purchase and sale of the property, and payment of at least $110,000 plus expenses incurred in completing construction. The parol evidence rule does not bar evidence of Defendant's intentional misrepresentation.

### IV.

For the above reasons, the district court's decision to deny Defendant's motions for judgment as a matter of law or, in the alternative, for a new trial, is AFFIRMED.