**Connie J. BRIGGS, Michael Brown, Jr., Michael J. Carnes, et al., Plaintiffs–Appellants,**

v.

**William F. MARSHALL, individually and as an employee of the Town of French Lick, Indiana, and Town of French Lick, Indiana, Defendants–Appellees.**

**No. 95–1745.**

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1996.

Decided Aug. 15, 1996.

John H. Shean, Bloomington, IN, Michael K. Sutherlin (argued), Sutherlin & Associates, Indianapolis, IN, for plaintiffs–appellants.

John B. Drummy, Kightlinger & Gray, Indianapolis, IN, Richard T. Mullineaux (ar-

gued), Van T. Willis, Kightlinger & Gray, New Albany, IN, Jay D. Allen, Allen, Allen & Allen, Salem, IN, for defendant–appellee William F. Marshall.

John B. Drummy, Kightlinger & Gray, Indianapolis, IN, Richard T. Mullineaux (argued), Van T. Willis, Kightlinger & Gray, New Albany, IN, for defendant–appellee Town of French Lick, Indiana.

Before BAUER, CUDAHY, and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

The plaintiffs, Connie Jo Briggs, Michael Brown, Jr., Michael John Carnes, and Robert Patton, filed this 42 U.S.C. § 1983 civil rights action against Orange County, Indiana, French Lick, Indiana, and a number of French Lick police officers. Their complaint sought compensatory and punitive damages against the individual officers for wrongful arrest and detention, use of excessive force, and various state law torts. The complaint also sought damages against the town and county for the allegedly unlawful actions of the officers.

By the time the case reached trial, the only remaining defendants were Officers William Marshall and Howard Rutherford, and French Lick. At the close of evidence, the district court entered judgment as a matter of law in favor of French Lick, and instructed the jury on the plaintiffs' unlawful arrest and detention, and excessive force claims against Marshall, and their failure to intervene claim against Rutherford. The court also instructed the jury on nominal, actual, and punitive damages. The jury returned a mixed verdict. The jury found for the plaintiffs on the excessive force claim against Marshall, but awarded each plaintiff only one dollar in nominal damages and no punitive damages. The jury found in favor of Marshall on the unlawful arrest and detention claim and in favor of Rutherford on the failure to intervene claim. The plaintiffs filed a motion for new trial and for attorney's fees. The district court denied the motion for new trial, and, although it found the plaintiffs "prevailing parties," denied attorney's fees.

The plaintiffs raise four arguments directed only at the excessive force claims against Marshall. The plaintiffs argue that the district court erred in: (1) instructing the jury on nominal damages; (2) denying the plaintiffs' motion for a new trial; (3) denying the plaintiffs attorney's fees under 42 U.S.C. § 1988; and (4) refusing to admit into evidence certain medical records and a deposition transcript. We affirm.

## BACKGROUND

Given the jury's mixed verdict and its decision to award only nominal damages, it is somewhat difficult to ascertain which facts the jury "found." As a result, we will use broad brush strokes to describe the facts of this case. On May 17, 1988, the French Lick Police Department received a report that vandals had broken into a change machine at the French Lick Springs Hotel. Officers Marshall and Rutherford stopped Carnes, Patton, and Brown (all of whom allegedly had been seen at the hotel earlier that day). What started as a routine stop quickly got out of hand, as Marshall used excessive force (including slapping and hair pulling) to subdue the plaintiffs. Eventually (approximately 10–15 minutes later), the officers released the plaintiffs.

Shortly thereafter, Marshall went to a local restaurant. Unfortunately, he ran into Carnes' mother, Connie Jo Briggs. Briggs confronted Marshall, and the situation quickly deteriorated into a physical altercation. Eventually, Marshall put a headlock on Briggs and led her out of the restaurant.[1] Briggs struggled all the way out.

All of the plaintiffs alleged that Marshall caused a variety of injuries, and all but Brown sought some sort of medical treatment. Briggs testified that as a result of her injuries, she had to stay home from work for a month. However, none of the plaintiffs presented testimony by medical doctors or other health care providers. In fact, only

---

1. It turns out that Marshall subsequently was convicted of misdemeanor battery against Briggs for the events that occurred that day. The district court excluded Marshall's conviction, and the plaintiffs do not challenge that ruling.

Briggs presented any evidence, other than the plaintiffs' own testimony, of the treatment she allegedly received as a result of her injuries, and Briggs' evidence was a chiropractor's bill. The chiropractor did not testify about the cause or extent of the injuries.

## ANALYSIS

### 1. *Jury Instruction*

■ The plaintiffs' primary argument attacks the district court's decision to instruct the jury on nominal damages. Our review of jury instructions is limited. We will reverse "only if it appears that the jury was misled and its understanding of the issue was seriously affected to the prejudice of the complaining party." *Wilson v. Williams,* 83 F.3d 870, 874 (7th Cir.1996) (citations omitted). In reviewing the pertinent instruction, we conduct a two-part test. First, we determine if the instruction is a sufficiently correct statement of the law. If not, we determine whether the error prejudiced the complaining party. *Id.* Here, we need not reach the second prong; the instruction was sufficiently accurate.

■ Before we discuss the instruction itself, we must address Marshall's argument that the plaintiffs failed to preserve their objection to the nominal damages instruction because they did not state adequately the grounds for their objection.[2] Fed.R.Civ.P. 51. Rule 51 requires the parties to alert the judge to their reasons for objecting, so that the court may resolve legal disputes with full information and avoid all errors that are avoidable. *Hebron v. Touhy,* 18 F.3d 421, 424 (7th Cir.1994). The problem here is that the district court conducted its jury instruction conference in two parts. First the lawyers and the judge discussed matters in chambers without a court reporter present. Next, the district court permitted counsel to put their objections on the record. Apparently, plaintiffs' counsel's objections during

the in-chambers portion of the instruction conference were much more detailed than his on-the-record objections, which consisted solely of his statement that "they are either going to find some money or not."[3]

This is mighty skimpy. However, given the plaintiffs' counsel's assurance that he made a fully explained objection in chambers, we conclude that he has not waived his objection. *See Niehus v. Liberio,* 973 F.2d 526, 529 (7th Cir.1992) ("[N]othing in the text of Rule 51 requires that the objection be stated on the record."). Nevertheless, as plaintiffs' counsel acknowledged at oral argument, the much better practice is to ensure that a fully explained objection is on the record.

■ Now to the merits. The challenged instruction reads:

> If you find that any of the plaintiffs has proven all the essential elements of his or her case and is entitled to a verdict in his or her favor, but you also find that such plaintiff has not proven any actual damages, then you should return a verdict for that plaintiff in a nominal sum of one dollar ($1.00) as actual damages. The law presumes at least nominal actual damages if a plaintiff's constitutional rights were violated by the intentional or reckless acts of a defendant.

> The award of a nominal sum as actual damages does not preclude an award of punitive, or exemplary damages if you find such a punitive award justified.

The plaintiffs raise two attacks on this instruction. First, citing *Stachniak v. Hayes,* 989 F.2d 914, 923 (7th Cir.1993), they argue that a finding of excessive force by definition precludes the awarding of nominal damages. However, in *Stachniak,* we neither created nor applied a *per se* rule regarding nominal damages vis-a-vis excessive force. We held merely that a nominal damages instruction is inappropriate when no evidence is presented

---

**2.** Rule 51 provides that "no party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."

**3.** Plaintiffs' counsel assured us at oral argument that he had presented detailed grounds for his objection during the in-chambers conference. We take him at his word given that he is an officer of the court. Defendants' counsel, who also was present at the conference, did not contradict his story.

at trial to support a defendant's argument that there was no provable injury. *Id.* This is a far cry from holding that nominal damages are *never* permissible once the jury finds excessive force. *See also Haywood v. Koehler,* 78 F.3d 101, 104 (2nd Cir.1996) (finding of excessive force does not, as a matter of law, entitle the victim to compensatory damages); *Howard v. Barnett,* 21 F.3d 868, 872–73 (8th Cir.1994).

We recognize that "excessive force" and "nominal damages" make strange bedfellows. However, as the district court recognized in its order denying the plaintiffs' motion for new trial, there are three situations where courts may award nominal damages to remedy the constitutional violation of excessive force. First, during an altercation between a police officer and an arrestee/detainee, the officer might use both justifiable and excessive force, but any injury might have resulted from the justifiable force, thereby supporting the denial of compensatory damages. *Gibeau v. Nellis,* 18 F.3d 107, 110 (2nd Cir. 1994). Next, nominal damages may be appropriate where a jury reasonably concludes that evidence concerning the plaintiffs' injuries was not credible. *Butler v. Dowd,* 979 F.2d 661, 669 (8th Cir.1992) (en banc), *cert. denied,* 508 U.S. 930, 113 S.Ct. 2395, 124 L.Ed.2d 297 (1993). In *Butler,* the court affirmed the award of nominal damages to excessive force victims because "plaintiffs failed to produce at trial objective medical evidence supporting their physical injuries or detailing the extent of their emotional injuries," and thus, the "jury could have disbelieved the plaintiffs' testimony regarding the extent of their injuries." *Id.* at 669, 672. Finally, nominal damages may be appropriate where the victim's injuries "have no monetary value or are insufficient to justify with reasonable certainty a more substantial measure of damages." *Howard v. Barnett,* 21 F.3d at 873.

■■■ The plaintiffs also argue that even if there is no *per se* rule against nominal damages instructions in excessive force cases, the instruction was inappropriate in this case. We disagree. As we discussed above, a nominal damages instruction is inappropriate where there is no "evidence presented at trial in support of defendants' argument that [the victim] suffered no provable injury during the struggle with the officers." *Stachniak,* 989 F.2d at 923. Here, by contrast, one of the defendants' main arguments at trial was that the plaintiffs suffered no provable injury. The plaintiffs failed to produce medical testimony regarding their physical injuries. Nearly all of the damages evidence consisted of the plaintiffs' testimony. As the district court aptly stated, "the issue of damages depended upon the credibility of the plaintiffs, and there is evidence in the record from which the jury could have disbelieved the extent of their physical and emotional injuries." Therefore, the nominal damages instruction was proper.

### 2. *Motion for New Trial*

■■■ The plaintiffs next argue that the district court erred in denying the plaintiffs' motion for new trial because the jury's award of nominal damages was "contrary to reason." Once again, we disagree. We review the district court's denial of a Rule 59(a) motion for abuse of discretion. *Winger v. Winger,* 82 F.3d 140, 143 (7th Cir.1996). Under Rule 59(a), the district court must determine whether "the verdict is against the weight of the evidence, the damages are excessive [or insufficient], or if for other reasons the trial was not fair to the moving party." *Id., quoting McNabola v. Chicago Transit Authority,* 10 F.3d 501, 516 (7th Cir.1993).

■■■ At oral argument, the plaintiffs' counsel raised the specter of jury nullification and/or jury bias as the only plausible explanations for the jury awarding nominal damages in the face of allegedly overwhelming evidence of injury. We disagree wholeheartedly. First, we presume that the jury understood and followed the court's instructions, *O.K. Sand & Gravel, Inc. v. Martin Marietta Tech., Inc.,* 36 F.3d 565, 569 (7th Cir.1994), and the plaintiffs have not provided a sound basis for overcoming that presumption. Second, jury nullification or bias is a plausible explanation only if the jury actually believed all of the plaintiffs' injury evidence. However, as the district court

found, there is no reason to conclude they did.

The jury also could have concluded that any injuries the plaintiffs did suffer were caused by Marshall's reasonable force, not his excessive force. As the Eighth Circuit observed in *Butler*, the jury could "have found the defendant's unconstitutional actions were not the cause in fact of many of the plaintiffs' injuries and still have returned a verdict for plaintiffs." 979 F.2d at 670. The same holds true in this case.

### 3. *Attorney's Fees*

 We use the three part test from Justice O'Connor's concurrence in *Farrar v. Hobby*, 506 U.S. 103, 122, 113 S.Ct. 566, 578–79, 121 L.Ed.2d 494 (1992) for determining whether a "prevailing party" who receives only nominal damages is entitled to attorney's fees under 42 U.S.C. § 1988. *Johnson v. Lafayette Fire Fighters Ass'n Loc. 472*, 51 F.3d 726, 731 (7th Cir.1995). The three factors are: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which plaintiff prevailed; and (3) the public purpose of the litigation. *Id.* We review the district court's application of these factors and its determination of the appropriateness of a fee award for abuse of discretion. *Id.* Accordingly, we will set aside the district court's fee determination only where no reasonable person could take the view adopted by the district court. *Libby by Libby v. Illinois High School Ass'n*, 921 F.2d 96, 98 (7th Cir.1990).

 In deciding whether to award attorney's fees to a nominally prevailing party, the most significant of the three factors is the difference between the judgment recovered and the recovery sought. *Maul v. Constan*, 23 F.3d 143, 145 (7th Cir.1994). Here, during closing arguments, the plaintiffs requested $75,000 in compensatory damages plus significant punitive damages, yet the jury awarded a total of four dollars. We consider this difference substantial and agree with the district court that this factor weighs against fees. *See id.*

 Next, we consider the significance of the legal issue on which the plaintiffs succeeded. *Maul*, 23 F.3d at 145. This factor, the least significant of the three, evaluates the extent to which the plaintiffs succeeded on their claims. *Id.* at 145–46. The district court found that this factor weighed modestly in favor of fees given the plaintiffs' success on their excessive force claim against Marshall. Although this factor is close in light of the fact that the plaintiffs lost on their remaining claims, we cannot say that the district court's application of this factor was an abuse of discretion.

 Finally, the district court did not abuse its discretion in finding that "the plaintiffs' victory served little or no public purpose." In applying this final factor, we examine whether the plaintiffs established anything more than that their constitutional rights were violated. *Maul*, 23 F.3d at 146–47. Here, just as in *Maul*, the plaintiffs received only nominal damages, they did not obtain an injunction prohibiting future violations, and they "did not establish that the defendants' conduct was sufficiently reprehensible to warrant punitive damages." *Id.* at 147. This is not, of course, to denigrate the importance of the plaintiffs' vindication of their constitutional rights. However, "given that § 1983 claims necessarily involve the violation of a right, privilege or immunity, attorney's fees are appropriate after *Farrar* only when the plaintiff's victory entails something more than merely a determination that a constitutional guarantee was infringed." *Maul*, 23 F.3d at 146. In sum, the district court did not abuse its discretion in denying attorney's fees.

### 4. *Evidentiary Rulings*

 We review the district court's evidentiary rulings for abuse of discretion, "inquiring not whether we would have ruled the same way, but rather whether any reasonable person would have agreed with the trial court." *Holmes v. Elgin, Joliet & Eastern Ry. Co.*, 18 F.3d 1393, 1397 (7th Cir.1994). Even if the district court erred, we will not reverse unless the error prejudiced the complaining party. *Id.* Here, the plaintiffs present a somewhat compelling argument that the district court's evidentiary rulings prejudiced their case. However, their arguments fail because although arguably prejudicial, the district court's evidentiary rulings were not error.

During the trial, the plaintiffs offered into evidence hospital emergency room records regarding Carnes' examination. The records were not authenticated, but plaintiffs' counsel believed he had a stipulation as to their authenticity. He did not, and the district court refused to admit the records. The plaintiffs rightfully argue that those medical records could have helped prove actual damages. However, they present no authority showing that the district court erred in refusing to admit unauthenticated medical records in the absence of a stipulation. Instead, the plaintiffs resort to invective, arguing that the district court's decision "seems to have been designed to ensure that the plaintiffs not be justly compensated for their injuries." The district court did not abuse its discretion in refusing to admit the unauthenticated medical records.

We also find no merit to the plaintiffs' argument that the district court abused its discretion in granting the defendant's motion in limine which sought to exclude from evidence a deposition of one of the plaintiffs' doctor because the defendants did not have the opportunity to cross-examine the deponent. Fed.R.Civ.P. 32(a). Once again, the plaintiffs point to no authority suggesting that the district court ruled incorrectly. Instead, they argue that the district court's ruling prejudiced the plaintiffs because it prevented them from introducing crucial medical evidence. This argument is irrelevant given the plaintiffs' failure to demonstrate legal error.[4] In any event, the plaintiffs never offered the deposition in question into evidence, so it is not part of the record on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

Affirmed.

---

4. Furthermore, because the motion in limine to exclude the deposition was presented on behalf of the defendants other than Marshall, the district court's ruling did not preclude the plaintiffs from entering the deposition into evidence against Marshall.