106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David L. GOUDY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3096.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Jan. 17, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied March
17, 1997.
 
 Before MANION, ROVNER and WOOD, Circuit Judges.
 
 ORDER
 
 1
 David Goudy ("Goudy") was convicted by a jury of participating in a conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 2, 1344. After his conviction and sentence were affirmed on direct appeal, he filed a motion pursuant to 28 U.S.C. § 2255 claiming that the district court erroneously instructed the jury and imposed a sentence based on an incorrect application of the sentencing guidelines. The district court denied relief on both grounds. On appeal, Goudy again challenges the jury instructions and maintains that the district court misapplied the sentencing guidelines when it enhanced his sentence based on its determination 1) of his criminal history, 2) of the loss caused by his criminal activity, and 3) that he held a supervisory role in the conspiracy. Because Goudy has not demonstrated a right to relief pursuant to § 2255, we affirm the district court's order dismissing his motion.
 
 
 2
 Section 2255 permits a court to grant relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255, however, cannot be used as a substitute for a direct appeal. Indeed, a defendant who fails to object to jury instructions either at trial or on direct appeal is barred from raising the issue in a § 2255 motion, absent a showing of good cause and prejudice. United States v. Frady, 456 U.S. 152, 165 (1982). Although Goudy did not challenge the jury instructions at trial or in his direct appeal, the government did not rely on Frady in the district court.[1] On appeal, however, the government asserts that Goudy procedurally defaulted his claim that the district court's jury instructions constructively amended the indictment. Goudy has not responded to this defense or otherwise argued that the government has waived its waiver defense. We thus consider whether Goudy has sufficiently demonstrated cause and prejudice to allow consideration of this claim under § 2255.[2] See Doe v. United States, 51 F.3d 693, 699 (7th Cir.1995) (applying Frady's procedural default doctrine where government asserted this defense in its appellate brief but not in the district court proceedings); United States v. Leichtnam, 948 F.2d 370, 375 (7th Cir.1991) (discussing waiver of waiver). Because Goudy's petition may be interpreted as raising ineffectiveness of counsel as the cause for his default, we need only consider whether Goudy was prejudiced by his counsel's failure to challenge the jury instructions at trial or on direct appeal.
 
 
 3
 Goudy alleges prejudice from a constructive amendment of the indictment that allegedly occurred when the district judge instructed the jury on the substantive elements of bank fraud rather than on the elements of aiding and abetting liability. (Def.'s Br. at 11.) Although the exact nature of his argument is not clear, it hinges on his apparent belief that he was only charged with aiding and abetting a bank fraud rather than with the substantive offense. The indictment, however, clearly charged Goudy under 18 U.S.C. § 1344, the substantive bank fraud statute,[3] and under 18 U.S.C. § 2, the aiding and abetting statute,[4] even though the government was not required to include § 2 in the indictment. United States v. Moya-Gomez, 860 F.2d 706, 756 (7th Cir.1988) (stating that because "aiding and abetting is not a separate offense," it need not be separately charged from the substantive offense in the indictment), cert. denied sub nom. Estevez v. United States, 492 U.S. 908 (1989). See also United States v. Robinson, 956 F.2d 1388, 1394 (7th Cir.1992) (noting that a defendant is put on notice that he can be convicted as an aider and abettor where § 2 is charged in the indictment, and that an aiding and abetting instruction may be given, even if § 2 is not charged, as long as the instruction is based on the evidence presented at trial and no unfair surprise results).
 
 
 4
 But even though a district court may instruct the jury on aiding and abetting law where § 2 is not charged in the indictment, Goudy argues that once § 2 is charged, the district court was required to instruct the jury on aiding and abetting law. Jury instructions are sufficient if they inform the jury correctly of the applicable law. See, e.g., Knox v. Indiana, 93 F.3d 1327, 1331 (7th Cir.1996). A defendant may be convicted under § 2 where the government proves the defendant's association with the unlawful venture, knowing participation in it, and active contribution toward its success. United States v. Reiswitz, 941 F.2d 488, 494 (7th Cir.1991) (stating Learned Hand's classic formation of the elements of aiding and abetting liability). It is enough if the defendant charged with being an aider or abettor has the same mental state as the underlying crime requires. Id. at 494-95. In this case, the district court instructed the jury that the government had to prove that Goudy knowingly participated in a scheme to defraud a financial institution, that Goudy knowingly executed the scheme, that the financial institution was federally insured, and that Goudy acted with the intent to defraud. (Tr. at 680-81.) Because these instructions incorporate the elements of § 2, the district court's instructions sufficiently apprised the jury of the law applicable to aiding and abetting liability. Indeed, Goudy does not argue, and has not shown, that the jury would have reached a different verdict if separately instructed on aiding and abetting liability. Hence, Goudy has failed to demonstrate prejudice sufficient to overcome his attorney's default in not challenging the jury instructions at trial or on direct appeal.
 
 
 5
 We now turn to Goudy's challenges to the district court's application of the sentencing guidelines. Because Goudy does not challenge the jurisdiction of the court, nor assert that the judge exceeded the statutory maximum, Goudy apparently maintains that the district court's application of the sentencing guidelines violated the "law of the United States," or is "otherwise subject to collateral attack" under § 2255. But in Scott v. United States, 997 F.2d 340, 341 (7th Cir.1993), we held that violations of the sentencing guidelines are generally not cognizable in § 2255 proceedings. Accord Mungiovi v. Chicago Hous. Auth., 98 F.3d 982, 984 (7th Cir.1996) (noting that a violation of the sentencing guidelines does not authorize relief under § 2255). We noted that although the Supreme Court has yet to decide whether these guidelines are "laws" or whether violations of the guidelines make a sentence "otherwise subject to collateral attack," it has never approved the use of collateral relief for any non-constitutional error that does not deprive the court of jurisdiction, or result in a "complete miscarriage of justice." Scott, 997 F.2d at 342. Notably, Goudy does not argue that the district court's application of the sentencing guidelines violated the Constitution or resulted in a miscarriage of justice.[5] Moreover, Goudy failed to challenge the district court's application of the sentencing guidelines on direct appeal. Because non-constitutional errors cannot be raised for the first time in a § 2255 petition, regardless of cause and prejudice, we cannot consider Goudy's claims that the district court misapplied the sentencing guidelines. See Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988) ("[N]on-constitutional errors which could have been raised on direct appeal but were not, are barred on collateral review--regardless of cause and prejudice.") (citing Kaufman v. United States, 394 U.S. 217 (1969)).
 
 
 6
 For the reasons stated above, we affirm the district court's judgment dismissing Goudy's § 2255 petition.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Although Goudy did not raise these arguments in his direct appeal, the district court addressed his claims on the merits because the government did not raise Goudy's procedural default in its response, and because the district judge construed Goudy's motion as alleging that his counsel was ineffective for not raising these claims on appeal. (R. at 61.)
 
 
 [2]
 Even if we were to reject the government's belated attempt on appeal to argue that Goudy's claims are defaulted, Goudy has not demonstrated a right to collateral relief. Had Goudy raised his constructive amendment argument on direct appeal, he would have had to show plain error occurred as a result of his trial counsel's failure to object to the jury instructions. See United States v. Boyles, 57 F.3d 535 (7th Cir.1995). For the same reasons that Goudy cannot show that he was prejudiced for purposes of procedural default by his trial counsel's failure to challenge the jury instructions, he cannot show that the fairness of his trial was seriously affected by plain error. See Briggs v. Marshall, 93 F.3d 355, 358 (7th Cir.1996) (noting that a lack of prejudice precludes relief from jury instructions on direct appeal)
 
 
 [3]
 Section 1344 provides a that:
 Whoever knowingly executes, or attempts to execute, a scheme or artifice--
 (1) to defraud a financial institution; or
 (2) to obtain any of the money, ..., or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, ...;
 shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.
 
 
 [4]
 Section 2 provides that:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
 
 
 [5]
 Goudy contends that the district court erred when it added three criminal history points, pursuant to U.S.S.G. § 4A1.1(a)(2), for each of his two prior felony convictions. Goudy argues that he only should have been assessed a total of three points because his prior convictions were "related" within the meaning of U.S.S.G. § 4A1.2, comment. (n. 3). In any event, Goudy's sentences, for offenses occurring on different dates and in different states, were clearly not related. Goudy also challenges the enhancement of his sentence under U.S.S.G. § 2F1.1 based on the district court's calculation of the loss caused by his crime. Goudy contends that the district court erred in using $75,000 as the loss figure 1) because the trial testimony failed to prove that Goudy intended to cause a loss in that amount, and 2) because the district court should have considered his offense partially completed and thus used $25,000 (the amount his coconspirator actually withdraw after depositing a fraudulently obtained check) as the loss figure. Goudy's third sentencing challenge is that the district court's misapplied U.S.S.G. § 3B1.1 which provides for a two-level enhancement if a defendant was an organizer, leader, manager, or supervisor of any criminal activity. U.S.S.G. § 3B1.1. Goudy claims that the government failed to prove he instructed his coconspirator how much cash to withdraw from the bank where the stolen check was deposited