Lee HATCHER, Sr., Plaintiff–
Appellant,

v.

CONSOLIDATED CITY OF INDIA-
NAPOLIS and Steven Staal,
Defendants–Appellees.

No. 03–4280.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 24, 2004.

Decided March 24, 2005.

David W. Stone, IV, Anderson, IN, for
Plaintiff–Appellant.

Anthony W. Overholt, Office of the Cor-
poration Counsel, John F. Kautzman,
Ruckelshaus, Roland, Hasbrook & O'Con-
nor, Indianapolis, IN, for Defendants–Ap-
pellees.

Before EASTERBROOK, ROVNER,
and WOOD, Circuit Judges.

**ORDER**

When this panel first saw Lee Hatcher's
case against the City of Indianapolis and
various individual defendants, he was com-
plaining about the way in which the dis-
trict court had calculated the attorneys'
fees to which he was entitled as a result of
his recovery of $100,000 in settlement of
his claims. See *Hatcher v. Consol. City of
Indianapolis,* 323 F.3d 513 (7th Cir.2003).
In their settlement agreement, the parties
had specifically designated Magistrate
Judge Shields as the individual judicial
officer who would be responsible for calcu-
lating the fee award. *Id.* at 515. We held
that the parties could not limit their con-
sent to the use of a magistrate judge,
under 28 U.S.C. § 636(c), in a manner that

disregarded the assignment procedures otherwise used in that district court. Because we could not tell whether the parties would have consented to the use of *any* magistrate judge, or if instead they would have concluded that in the absence of an effective consent the matter had to be decided by the Article III district judge, we remanded the case for the clarification of this point. *Id.* at 519–20. "If on remand the district court concludes that the parties meant to refer the dispute to any magistrate judge designated in accordance with the court's normal rules, it should carry out the terms of their consent accordingly. If it concludes that the parties meant to select only Magistrate Judge Shields, then the reference cannot be carried out and the consent is ineffective." *Id.*

On remand, the district court determined that the parties intended to confer authority only on Magistrate Judge Shields. In keeping with our decision, the court found that they were not entitled so to limit their choice. In the absence of any effective consent to the submission of the case to a magistrate judge, the district judge calculated the amount of fees Hatcher's attorneys were entitled to receive. Hatcher's attorneys urged that they were entitled to $475,225, but the district court found this number to be excessive. In a detailed opinion, the court explained how it came to its revised number. First, it concluded that each of Hatcher's attorneys had misstated their hourly rates in their post-appeal fee request. Second, it reduced the total number of hours eligible for reimbursement. These adjustments brought the number down to $253,573. The court then found that because Hatcher's settlement was only a partial success (particularly as compared with the $1 million he had originally demanded), it would cut his attorneys' fees in half. This left a final award of $126,786.50. Hatcher and his lawyers have appealed again, urging us to find that the court abused its discretion in cutting the fees to such a low point.

Because attorneys' fees awards are heavily dependent on the facts of a particular case, we apply a "highly deferential abuse of discretion standard" when reviewing a district court's fee determinations. *Leffler v. Meer*, 936 F.2d 981, 984 (7th Cir.1991). Deference to the district judge makes sense, given its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); see also *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir.1992). We do not want to encourage ancillary litigation over attorneys' fees, and thus parties must overcome a very high hurdle in order to persuade us to overturn a lower court's computation.

■ Hatcher cannot clear this hurdle. The district judge thoroughly explained why it found his fee request to be excessive. Hatcher's evidence on crucial points was either incomplete or contradictory. For example, his evidence in support of the number of hours his attorneys worked consisted of a typewritten sheet listing the attorney, the number of hours he or she worked, and the person's hourly rate. The court found that more was needed to establish that these were the rates that were used in the firm's regular course of business. The court also noticed discrepancies between what the attorneys listed as their hourly rates in the fee request and what they stated in their supporting affidavits. While the attorneys claimed that the petition reflected recent raises, the court pointed out that the attorneys signed the affidavits containing the lower rates

months after the date of the supposed raise.

■ We also reject Hatcher's challenge to the court's finding that his suit represented only a partial success. Congress has authorized the federal courts to award "a reasonable attorney's fee" in civil rights cases like Hatcher's, but only to "the prevailing party." 42 U.S.C. § 1988. If the prevailing party achieves only a partial success, a court may lessen the fee award. See *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Justice O'Connor described three relevant indicia of success for this purpose in her *Farrar* concurrence: "the extent of relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served." *Id.* at 579 (O'Connor, J., concurring). As we explained in *Simpson v. Sheahan*, 104 F.3d 998 (7th Cir.1997):

> [i]n cases which result in a nominal damage award or a damage award that is minimal in relation to the amount of damages sought, this circuit employs the three-part test from Justice O'Connor's concurrence in *Farrar* to determine whether a prevailing party achieved enough success in the underlying suit to be entitled to an award of attorney's fees.

*Id.* at 1001, citing *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir.1996) (additional citations omitted).

"[T]he most significant of the three factors is the difference between the judgment recovered and the recovery sought." *Briggs*, 93 F.3d at 361. As we noted earlier, Hatcher sought over $1 million at trial, but the jury awarded him only $10,908.50 in compensatory damages and $8,000 in punitive damages, for a total trial-level recovery of $18,908.50. Even the post-trial settlement of $100,000, which was reached while Hatcher's appeal was pending, amounts to only about one-tenth of what Hatcher originally hoped to recover.

The other two "indicia of success"—significance of the legal issue on which the plaintiff prevailed, and the public purpose served—also cut against Hatcher. The court did not believe that Hatcher's claim was particularly significant, calling it a "straightforward section 1983 case" for a wrongful arrest and search. As for the public purpose served, Hatcher requested only monetary damages; he was not seeking any kind of injunctive relief. While his settlement may discourage the city from taking like action in the future, his claim does not directly enhance any particular public purpose. His recovery was individual. Given these facts, the district court reasonably concluded that Hatcher's suit represented only a partial success. The court's reduction of the fee award down to $126,786.50 was not an abuse of discretion.

For these reasons, we AFFIRM the judgment of the district court.