**MARY M., as Parent/Next Friend for DIANE M., a minor (Names are Pseudonyms), Plaintiff,**

v.

**NORTH LAWRENCE COMMUNITY SCHOOL CORPORATION, Defendant.**

**No. NA 94–143 C D/H.**

United States District Court,
S.D. Indiana,
New Albany Division.

June 27, 1997.

Michael K. Sutherlin, Indianapolis, IN, for Plaintiff.

Darla S. Brown, Jennifer A. Bauer, Kelly Belcher & Brown, P.C., Bloomington, IN, Gordon Emery, Donovan Emery & Hewetson, Bedford, IN, for Defendant.

### ENTRY DENYING PETITION FOR ATTORNEY'S FEES

BARKER, Chief Judge.

### I. BACKGROUND

In this case Plaintiff alleges that her thirteen-year-old daughter was sexually harassed and/or abused by Andrew Fields, a school cafeteria worker employed by Defendant, in violation of Title IX of the Educational Amendment Act of 1972, 20 U.S.C. § 1681. A jury trial was conducted on October 21—28, 1996, resulting in a verdict in favor of Plaintiff and against Defendant on the issue of liability, but awarding zero compensatory damages and zero punitive damages. On October 31, 1996, in accordance with Federal Rule of Civil Procedure 58, the Clerk of Court entered final judgment in favor of Plaintiff and against Defendant, and that judgment was entered on the docket on November 1, 1996. On November 8, 1996, Plaintiff filed a motion for a new trial and to question and interview jurors, and on November 13, 1996, a Bill of Costs. In an entry dated January 6, 1997, this Court denied Plaintiff's motion for a new trial and to interview jurors and allowed in part and disallowed in part Plaintiff's Bill of Costs. *See Mary M. v. North Lawrence Community School Corporation*, 951 F.Supp. 820 (S.D.Ind.1997). On January 17, 1997, Plaintiff filed this Petition for Attorney's Fees, requesting attorney's fees and costs in the amount of $351,201.47.

### II. ANALYSIS

Defendant opposes Plaintiff's petition for attorney's fees on several grounds, the first of which is that the petition is untimely. Federal Rule of Civil Procedure 54(d)(2)(B) provides that "[u]nless otherwise provided by statute or order of the court, the motion [for fees] must be filed and served no later than 14 days after entry of judgment...." Whether Plaintiff's fee petition is timely depends on when the fourteen-day limitations period for filing fee petitions began to run. Defendant contends that this fourteen-day limitations period began running after the Court entered a Rule 58 judgment on November 1, 1996. Plaintiff contends that the period did not begin to run until the denial of her motion for a new trial on January 6, 1997. If the clock began to run on November 1, 1996, Plaintiff's fee petition is untimely and must be denied; whereas if the clock did not begin to run until January 6, 1997, the fee petition is timely.

In support of her contention that the clock did not begin to run until the January 6, 1997 denial of the motion for a new trial, Plaintiff cites to *Johnson v. Lafayette Fire Fighters Ass'n Loc. 472*, 51 F.3d 726, 728 n. 4 (7th Cir.1995). Plaintiff misrepresents the *Johnson* decision by stating that the Seventh Circuit "explained via a footnote that for purposes of considering the timeliness of requesting attorney's fees ... that the time begins to run after the motion to reconsider has been ruled upon." (Pltf. Reply at 3). In *Johnson* plaintiffs claimed that February 28, 1994, the date that the court denied Defendant's motion to reconsider, was the date on which the clock began to run, and the Defendant claimed that December 14, 1993, the date that judgment was entered, was the proper date. The Seventh Circuit did treat February 28, 1994, as the controlling date, but explained that it did so for the simple reason that Defendant had failed to argue to the District Court that December 14, 1994 was the proper date and had therefore waived that argument. *Id.* Therefore, the *Johnson* decision did not even address the merits of the question before this court: whether, as a matter of law, the date of entry of judgment or of the denial of a post-judg-

ment motion such as a motion to reconsider or a motion for a new trial is the date from which the time period for filing motions for attorney's fees begins to run.

Plaintiff also relies upon the Seventh Circuit's decision in *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage*, 60 F.3d 305, 308 (7th Cir.1995) for the proposition that a fee petition can only be resolved after all the matters over which the trial court has jurisdiction have been addressed. (See Pltf. Reply at 4). *Healy* does not, however, go so far; it simply states that "the amount of fees cannot be determined until the trial is over." *Id.* (holding that the time limit for filing a motion for attorney's fees is fourteen, not ten, days).

We believe that Fed.R.Civ.P. 54(d)(2) itself is unambiguous in its command that petitions for attorney's fees must be filed within fourteen days after *entry of judgment.* As Plaintiff recognizes in her reply brief (at page 4), "judgment" in this context means judgment "set forth on a separate document" pursuant to Fed.R.Civ.P. 58. *Shalala v. Schaefer*, 509 U.S. 292, 302–03, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Smith v. Village of Maywood*, 970 F.2d 397, 400 (7th Cir.1992). Rule 54(d)(2) makes no provision for an extension of time allowing the time limit for the filing of attorney's fee petitions to begin running after rulings are made on post-judgment motions. Had the Supreme Court intended that to be the case, we believe it would have said so, as it did in Federal Rule of Appellate Procedure 4(a). Fed. R.App. P. 4(a) provides that, generally, a notice of appeal must be filed within 30 days after the date of entry of judgment, but that if any party files a certain specified type of post-judgment motion, including motions for a new trial, the time for appeal begins to run from the entry of the order disposing of the last such motion out-standing. See Fed. R.App. P. 4(a)(1) and 4(a)(4). Fed.R.Civ.P. 54(d)(2) contains no such provision. In fact, the Advisory Committee Notes to Rule 54(d)(2) state that "Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." The Committee Notes also explain that "[a] notice of appeal does not extend the time for filing a fee claim based on the initial judgment," and that "[a] new period for filing will automatically begin if a new judgment is entered following . . . the *granting* of a motion under Rule 59." ' *See,* Fed.R.Civ.P. 54(d)(2)(B) Advisory Committee Notes, 1993 Amendments. (emphasis added).

The only Rule 58 judgment entered in this case was entered on November 1, 1996. The fourteen-day period for filing a petition for attorney's fees began to run on that date. Had we granted a motion for a new trial or for amendment of the judgment under Fed. R.Civ.P. 59, thus vacating or changing the original judgment, a new period for filing fee petitions would have begun at that time. However, we did not grant, but rather denied, Plaintiff's motion for a new trial. Therefore, we can find no basis, under Fed. R.Civ.P. 54(d)(2), on which to conclude that the period began to run any later than the date on which judgment was entered on November 1, 1996.[1]

■ For the reasons discussed above, we find that the fourteen-day period for filing a petition for attorney's fees in this case began to run when final judgment was entered on November 1, 1996 and that Plaintiff's petition

---

1. Because we have found that Plaintiff's petition for attorney's fees is untimely, we need not discuss the other issues raised by the parties in support of and in opposition to the fee petition. We do, however, wish to note that Plaintiff's Counsel's continued efforts to challenge this Courts prior rulings on the merits in his memorandum in support of the fee petition exhibits both an apparent misunderstanding of civil and appellate procedure as well as disrespect for this Court. (See Pltf. Memorandum, at 14: "The jury was given inseperable [sic], impossible and conflicting instructions regarding welcomeness, proximate legal cause and liability. . . ."). We have already ruled on Plaintiff's many motions and theories of entitlement to relief, including the motion for a new trial. Any further challenges to this Court's pre-trial rulings, jury instructions, or to the jury verdict itself must now be presented not to this Court, but to the Seventh Circuit Court of Appeals.

for attorney's fees is, therefore, untimely. However, recognizing the importance of this holding and noting that Plaintiff's Counsel's delay in filing his petition for attorney's fees was due not to any specifically culpable motive but rather was the result of an apparent misunderstanding as to when the time period for filing such petitions begins to run, we have searched for some authority which would allow the Court to exercise its discretion in favor of an award of attorney's fees, notwithstanding the untimeliness of Plaintiff's fee petition. While we have found no case law providing such authority,[2] Fed. R.Civ.P. 6(b) appears to provide district courts with discretion to extend the time limit established in Rule 54(b)(2). In relevant part, Rule 6(b) provides:

> "When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect..."

Rule 6(b) lists a number of rules, not including Rule 54(d)(2), to which the discretion to extend time limits does not apply. We have found absolutely no federal cases discussing the applicability of Rule 6(b) to the time limit set forth in Rule 54(d)(2). Even if we were to assume that the discretion provided in Rule 6(b) does apply to the Rule 54(d)(2) time limit and even if we were to construe Plaintiff's fee petition to include a Rule 6(b) motion for an enlargement of time (a rather generous construction), Plaintiff would still not be entitled to attorney's fees because Plaintiff's success at trial was a *de minimus*

victory which does not support an award of attorney's fees.

The Supreme Court and the Seventh Circuit have both consistently held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992) (internal citation omitted); *Maul v. Constan,* 23 F.3d 143, 145 (7th Cir.1994). In cases where a plaintiff technically prevails, but receives only nominal damages, or as in this case zero *damages,*[3] the Seventh Circuit instructs district courts to consider the three factors discussed in Justice O'Connor's concurring opinion in *Farrar:*

(1) the difference between the judgment recovered and the recovery sought;

(2) the significance of the legal issue on which the plaintiff prevailed; and

(3) the public purpose served by the litigation

*Briggs v. Marshall,* 93 F.3d 355, 361 (7th Cir.1996), aff'd. 93 F.3d 355 (7th Cir.1996); *Maul,* 23 F.3d at 145 (citing *Farrar,* 506 U.S. at 120–24, 113 S.Ct. at 578–579). For many of the same reasons that were found applicable in *Briggs* and *Maul,* these three factors, when applied to this case compel a disallowance of an award of attorney's fees.

The first factor, which is considered the most important of the three, *id.,* clearly weighs against an award of attorney's fees in this case. Plaintiff's Complaint requested an unspecified amount of compensatory and punitive damages and did not request either declaratory or injunctive relief. Plaintiff's Counsel, in closing argument, suggested to

---

**2.** In *Smith v. Village of Maywood,* 970 F.2d 397, 399 (7th Cir.1992), the Seventh Circuit did recognize "the need for flexibility and good sense in interpreting time limits on attorney's fee petitions," but what we are looking for is not flexibility in interpreting time limits but rather discretion regarding whether or not to enforce those time limits.

**3.** To be considered a prevailing party, the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Farrar,* 506 U.S. at 111, 113 S.Ct. at 572–73. In other

words, the plaintiff "must obtain at least some relief on the merits of his claim." *Id.* It is debatable whether Plaintiff's technical victory in this case is sufficient to confer upon her prevailing party status at all. Nonetheless, the Supreme Court has held that an award of one dollar in nominal damages is sufficient, and we see no significant difference between a one-dollar nominal damages award and the zero damages award in this case. Therefore, we will assume, without deciding, that Plaintiff is a "prevailing party" for the purposes of her petition for attorney's fees.

424

the jury that an appropriate amount of damages would be $100,000.[4] Plaintiff's suggestion now that she never really cared about the money, but that the recovery originally sought was simply "the truth," is unavailing, particularly considering that her only claims were for monetary damages.[5]

█ The second factor assesses the "legal import" of the claim on which Plaintiff prevailed. *Id.* Because liability under Title IX for sexual harassment and/or abuse in public schools is a relatively unclear, and complicated area of law and because protection of children from such harassment and abuse is an, important societal concern, we believe that this factor weighs in favor of an award of fees. "This factor, however, is the least important of the three factors, and therefore only minimally advances plaintiff's claim that [s]he is entitled to attorney's fees." *Maul,* 23 F.3d at 146.

█ The third factor considers primarily "whether plaintiff's 'victory vindicat[ed] important rights and deterr[ed] future violations.'" *Id.* (citing *Cartwright v. Stamper,* 7 F.3d 106, 110 (7th Cir.1993)). The mere fact that Plaintiff prevailed on the question of liability does not satisfy this factor. Rather, we must "scrutinize plaintiff's complaint to determine whether the allegations made and the relief sought evince a public purpose rather than merely attempt to redress a private injury." *Id.* It is clear from the relief sought that Plaintiff brought suit only to remedy her own injuries and not to establish the rights of students generally. *See Briggs,* 881 F.Supp. at 419; *Maul,* 23 F.3d at 146. Like the plaintiffs in *Briggs* (who were repre-

sented by the same Counsel as Plaintiff in this case), Plaintiff sued to redress her own injuries; she did not request injunctive relief, represent a class, or obtain punitive damages. *Id.; see also Maul,* 23 F.3d at 146. In *Maul,* the Seventh Circuit found that the third factor was not met where

"the plaintiff failed to establish anything more than that he had been denied a protected rights: he did not establish that he had suffered actual injury (hence the award of only nominal damages); he did not obtain an injunction prohibiting future violations; and he did not establish that the defendants' conduct was sufficiently reprehensible to warrant punitive damages."

*Id.,* at 146–47. For the same reasons, we believe that application of the third *Farrar* factor to Plaintiff's case weighs against an award of attorney's fees.

Having applied the three *Farrar* factors to this case, we find that, because the difference between the judgment sought and the relief obtained was great[6] and the public purpose served was minimal, Plaintiff's victory was *de minimus* and an award of attorney's fees is therefore not justified. We suspect that this finding, though perhaps disappointing, will come as no surprise to Plaintiff's Counsel because of the similarity of this case to *Briggs* with regard to the issue of entitlement to attorney's fees.

For the reasons discussed above, we find that Plaintiff's petition for attorney's fees is untimely. Even if we were to exercise the discretion granted in Fed.R.Civ.P. 6(b) to extend the time for filing fee petitions, how-

---

**4.** Our finding that the difference between Plaintiff's request for $100,000 in compensatory damages plus unspecified punitive damages and the jury's award of zero damages weighs heavily against an award of attorney's fees should not come as a surprise to Plaintiff's Counsel, since, in an earlier case in which he served as counsel for plaintiffs, we also were compelled to deny attorney's fees where the amount requested of the jury was $75,000 in compensatory damages plus punitive damages, but the jury awarded only nominal damages of $1 to each plaintiff. *See, Briggs v. Marshall,* 881 F.Supp. 414, 418 (S.D.Ind.1995), *affirmed* 93 F.3d 355 (7th Cir. 1996).

**5.** Plaintiff has provided no authority in support of her novel proposition that she should be awarded attorney's fees from NLCSC on the basis of the $2,500 settlement of factually and legally distinct claims against co-defendant Andrew Fields, who was represented by his own counsel. Therefore, we will not consider the $2,500 settlement with Andrew Fields as part of the judgment recovered for purposes of determining whether Plaintiff is entitled to recover attorney's fees from NLCSC.

**6.** In fact, the difference is one dollar more than that in *Maul;* where the plaintiff sought $100,000 in compensatory damages and received only one dollar. *See,* 23 F.3d at 144.

ever, Plaintiff is nevertheless not entitled to an award of attorney's fees because her victory was *de minimus*. Accordingly, Plaintiff's petition for attorney's fees is **denied**.